Dyke Edward NELSON, Petitioner—
Appellant,

v.

Teresa A. SCHWARTZ, Warden,
substituted for Ana M. Ramirez
Palmer, Respondent—Appellee.

No. 06–55852.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2008.

Filed April 30, 2008.

See also 14 Fed.Appx. 791.

Kenneth M. Miller, for Petitioner–Appellant.

Kyle Brodie, Sarah Jean Farhat, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: CANBY, KLEINFELD, and BYBEE, Circuit Judges.

MEMORANDUM *

The federal district court did not abuse its discretion in denying Petitioner Dyke Nelson's 28 U.S.C. § 2254 claims without an evidentiary hearing or an opportunity to seek discovery. *See Davis v. Woodford,* 384 F.3d 628, 638 (9th Cir.2004) (evidentiary hearing); *Anderson v. Calderon,* 232 F.3d 1053, 1099 (9th Cir.2000)(discovery). Unlike *Schell v. Witek,* 218 F.3d 1017 (9th Cir.2000), where we remanded for an evidentiary hearing where no court had ever considered the substance of the petitioner's motion for appointment of substitute counsel (*Marsden* motion), *People v. Marsden,* 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 (1970), here the California trial court did consider Nelson's *Marsden* motion.

Nelson failed to produce in the district court the transcript of the first of his two hearings regarding substitute counsel in the State Superior Court. Though the court had sealed the transcript so that the prosecutor would not have access to whatever the disagreement might be between Nelson and his lawyer, no reason is shown

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

why Nelson could not obtain the transcript or other account by motion in the Superior Court or otherwise show what transpired. The transcript of the second *Marsden* hearing shows that the Superior Court gave careful consideration to Nelson's demand for substitute counsel and did not make an unreasonable determination of the facts.

The Superior Court judge relied on his own personal observation of the relationship between Nelson and his attorney, and his attorney's conduct in court through the trial. Nelson provided to the district court no evidence of anything that happened outside the observation of the Superior Court judge. Nelson asserts that he has repeatedly sought the transcript from his first *Marsden* hearing, but he does not say what he did to seek it, or what it would show that would establish a basis for relief.

DENIED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.